FILED
JAN 08 2008

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH COMER-BECKETT, | ) | File No.: CIV08-5002 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT - DECLARATORY ACTION** |
| | ) | |
| | ) | |
| RAM MUTUAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the above named Plaintiff, Elizabeth Comer-Beckett, through counsel, and for her Complaint and causes of action against the above named Defendant, states and alleges as follows:

1. Elizabeth Comer-Beckett is a resident of Rapid City, Pennington County, State of South Dakota, and was a resident thereof during all times relevant to this action. Plaintiff Beckett garaged her vehicle in South Dakota during the subject time period involved.

2. To Plaintiff's belief, Defendant RAM Mutual Insurance Company is an insurance company which is based in Esko, Minnesota, is a registered insurance company with the Minnesota Division of Insurance, was doing business in the State of Minnesota, and whose coverage extended to the use of insured vehicles/trailers in all states, including South Dakota, at all times relevant to this action.

3. On or about August 27, 2004, Elizabeth Comer-Beckett, with her son as a passenger, was operating a motor vehicle, heading eastbound on Highway 14 in rural Stanley County, South Dakota, when she was struck from behind by Defendant's insured, policyholder, Richard Martin, who was operating a 1999 Dodge Extended Cab Ram.

1

4. To Plaintiff's best knowledge and belief, Richard Martin was at the time of the accident on a trip from Minnesota to South Dakota and back, which trip had part business relativity and involved the use of a business owned horse trailer. To Plaintiff's best knowledge and belief, said horse trailer was listed as a 100% business asset on a recent tax form completed by Martin.

5. At the time of the accident, Defendant's insured, Richard Martin, and his wife, Gail, were returning to their primary residence from property they own in the Black Hills of South Dakota. To the best of Plaintiff's knowledge, the Martins' South Dakota property is, at least in part, an investment property.

5. Richard Martin was cited at the scene for following too closely.

6. As a direct and proximate result of tortfeasor Richard Martin's breach of duty, Plaintiff has suffered past medical expenses in an amount in excess of $130,000.00; and other compensatory and special and general damages, including, but not limited to, bodily injury; past, present, and permanent physical and emotional injuries; past, present and future pain and suffering; loss of enjoyment of life; lost wages; loss of future earning capacity; future medical expenses; property damages; and other consequential damages. In all probability, these losses and injuries will be ongoing for the remainder of her life.

7. In the personal injury action brought against Mr. Martin, the defense's own medical expert has opined that Elizabeth Comer-Beckett will require future cervical rhizotomy treatments 1-2 times per year for the remainder of her life. Elizabeth Comer-Beckett has received two cervical rhizotomy treatment series since the accident. The cost of each such series has exceeded $20,000.00.

8. Mr. Martin's expert has also opined that the medical treatments Elizabeth Comer-Beckett has undergone and the charges she has incurred have been reasonable and necessary.

9. With a remaining projected life expectancy of approximately 50 years, Elizabeth Comer-Beckett's estimated future medical expenses for cervical rhizotomy treatments alone are in excess of $1,000,000.

10. Tortfeasor Richard Martin's primary liability carrier State Farm Mutual Automobile Insurance Company provided an offer of judgment to Plaintiff for its full per person per accident bodily injury liability limits of $100,000.00 in the underlying claim, which at the date of this pleading, is still pending in litigation.

11. Defendant's insured, tortfeasor Richard Martin, had, at the time of the accident, additional liability insurance with Defendant RAM Mutual Insurance Company, a company which provides coverage for his farm, business, and for some personal, semi-business related activities.

12. The Farmer's Comprehensive Personal Liability (FCPL) portion of Richard Martin's Farm Partner Policy with RAM Mutual Insurance Company includes $300,000 of personal liability coverage, from which coverage liability resulting from the use of a motorized vehicle is excluded *unless* such "coverage is provided for by an Incidental Liability Coverage."

13. Under the heading of "Incidental Liability Coverage", the policy provides that "[w]e pay for the bodily injury which results from...activities which are related to business and are usually viewed as non-business in nature." Under the heading "Definition", the policy defines "business" as "a trade, profession or other occupation (not including farming)... The word "farming" is not defined in the policy, although" farm operations" is defined to mean "those operations usual and incidental to agriculture, including the cultivation of land, raising of farm products, and raising and feeding of livestock".

14. Plaintiff, Elizabeth Comer-Beckett made her initial claim against the RAM Mutual policy by letter of March 30th, 2006. On April 4, 2006, RAM Mutual denied Comer-Beckett's

claim on coverage grounds.

15. By letter of June 7, 2007, Comer-Beckett reasserted her claim against the RAM Mutual policy, updating RAM Mutual regarding factual developments and flaws in its April 4, 2006, denial of coverage.

16. By letter of June 25, 2007, Mr. Kirby Dahl, gave notice to Comer-Beckett that he had been retained as counsel for RAM Mutual in connection with Comer-Beckett's claim.

17. In an August 23, 2007, letter written in response to a request by Comer-Beckett's attorney for RAM Mutual's coverage determination, Mr. Dahl indicated that " I have been in contact with RAM Mutual Insurance Company and I am told their investigation is not complete and it is not likely that it will be complete by your August 25th, 2007 deadline".

18. To date, RAM Mutual has communicated no additional information as to the status of its investigation. Trial on the personal injury action between Elizabeth Comer-Beckett and Richard Martin is set for January 29th, 2008.

19. Plaintiff herein asserts that any and all insurance coverage for Richard Martin, including excess liability coverage, surplus or excess, under the RAM Mutual policy herein named, legally, and logically, should apply to the loss and damages that occurred during the policy period of August 27th, 2004, and that any denial or refusal of RAM Mutual in connection with the claim for such coverage is wrongful. Plaintiff asserts that she is an intended third party beneficiary of the RAM policy for up to an additional $300,000.00 in bodily injury liability coverage, over and above the $100,000.00 in coverage provided by the State Farm policy, for her damages, which coverage is available under Defendant's policy with tortfeasor Richard Martin.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1. For a legal declaration that the tortfeasor, Richard Martin, is in fact an insured under

said policy, and that:

    A)     the policy's coverage applies to Elizabeth Comer-Beckett's claim against tortfeasor Richard Martin; and

    B)     Defendant RAM Mutual's duty to defend tortfeasor Richard Martin will become immediate upon a verdict in excess of $100,000.00 in the personal injury action between Elizabeth Comer-Beckett and Richard Martin.

2.     For such other and further relief as the Court deems just and equitable.

DATED this ____4____ day of January, 2008.

        ABOUREZK & ZEPHIER, P.C.

        */s/ Robin L. Zephier*
        Robin L. Zephier
        Attorney for Plaintiff
        Post Office Box 9460
        2020 W. Omaha
        Rapid City, South Dakota 57709
        (605) 342-0097

        MARK ALLEN KOEHN, P.C.

        */s/ Mark A. Koehn*
        Mark A. Koehn
        Attorney for Plaintiff
        Post Office Box 9655
        Rapid City, South Dakota 57709
        (605) 394-4951

**TRIAL BY JURY IS HEREBY DEMANDED**